2019R00291/RMN



RECEIVED

DEC 06 2023

AT 8:~~30~~ 12:56 P M
CLERK, U.S. DISTRICT COURT - DNJ

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Judge Evelyn Padin |
| v. | : | Crim. No. 23-1043 |
| JORGE NOVA | : | 18 U.S.C. § 1343 |

## INDICTMENT

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges as follows:

### COUNT ONE
### (Wire Fraud)

#### Background

1. At various times relevant to this Indictment:

    a. Defendant Jorge Nova ("NOVA") was a resident of Passaic, New Jersey.

    b. The United States Social Security Administration ("SSA") was an agency of the executive branch of the United States. The SSA, among other things, maintained Retirement Benefits under Title II of the Social Security Act, Title 42, United States Code, Section 402 *et. seq.*, for eligible individuals. When a person worked and paid Social Security taxes, that person earned "credits" toward Social Security benefits ("Retirement Benefits"). The number of credits required for Retirement Benefits depended upon one's year of birth. SSA did not pay any Retirement Benefits until a person had the required number of credits. Such Retirement Benefits were not transferrable and could not be inherited.

c.  On or about March 15, 1993, an individual entitled to Retirement Benefits ("Beneficiary") filed for Retirement Benefits with the SSA.

d.  One way that the SSA administers Retirement Benefits is via direct deposit to the recipient's bank account at a commercial bank. Beneficiary received his Retirement Benefits via direct deposit to his bank account ("Bank-1 Account") held at a commercial bank ("Bank-1").

e.  Beneficiary also held a bank account ("Bank-2 Account") at a second commercial bank ("Bank-2").

f.  Beneficiary was the only individual authorized to receive the Retirement Benefits deposited into Bank-1 and the only individual authorized to access the Bank-1 Account.

g.  On or about August 29, 2014, Beneficiary passed away. On or about August 29, 2014, Beneficiary was a recipient of Retirement Benefits in the amount of $2,372.00 per month.

h.  Because the SSA was never notified of Beneficiary's death in or around August of 2014, the SSA continued to make monthly Retirement Benefits payments to the Bank-1 Account for approximately four years following Beneficiary's death until on or about October 3, 2018. In total, the SSA deposited approximately $112,612.00 into the Bank-1 Account following Beneficiary's death.

i.  From in or around July 2011 to on or about April 23, 2015, Nova was employed by Bank-1 in Nutley, New Jersey.

j.  At no time was NOVA authorized to access funds in either the Bank-1 Account or the Bank-2 Account.

## The Scheme to Defraud

2.From on or about January 18, 2015, through on or about October 9, 2018, in Essex and Passaic Counties, in the District of New Jersey, and elsewhere, the defendant,

JORGE NOVA,

did knowingly and intentionally devise, and intend to devise, a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, as set forth below.

## Goal of the Scheme to Defraud

3.The goal of the scheme was for NOVA to enrich himself by fraudulently obtaining funds from Beneficiary's bank accounts, Bank-1 Account and Bank-2 Account, that were intended exclusively for Beneficiary's benefit.

## Manner and Means of the Scheme to Defraud

4.It was part of the scheme to defraud that:

a.On or about January 18, 2015, NOVA gained access to the Bank-1 Account and caused to be issued a debit card for that account ("Debit Card-1"). Thereafter, on multiple occasions, NOVA accessed and withdrew funds from the Bank-1 Account using Debit Card-1. In total, between on or about January 20, 2015, and on or about July 25, 2016, NOVA withdrew approximately $44,781.95, including withdrawal fees and balance inquiry fees, from the Bank-1 Account.

b.On or about August 3, 2016, NOVA caused to be issued a second debit card for the Bank-1 Account ("Debit Card-2"). Thereafter, on multiple occasions, NOVA accessed and withdrew funds from the Bank-1 Account using Debit Card-2.

    c. In addition, on or about December 12, 2016, a credit agency issued a credit report relating to Beneficiary which was sent to NOVA. The credit report that was provided to NOVA revealed the existence of Bank-2 Account.

    d. Thereafter, between on or about February 22, 2017, and on or about March 29, 2017, NOVA transferred approximately $1,650.00 from Bank-2 Account to Bank-1 Account, approximately $1,500.00 of which NOVA later withdrew from Bank-1 Account using Debit Card-2. In addition, on or about March 2, 2017, NOVA withdrew approximately $300 from Bank-2 Account which NOVA then deposited to a bank account held in NOVA's name.

    e. In total, between on or about August 4, 2016, and on or about October 9, 2018, NOVA withdrew approximately $60,546.48, including withdrawal fees and balance inquiry fees, from Bank-1 Account. On or about March 2, 2017, NOVA also withdrew an additional approximate $300 from Bank-2 Account.

## Execution of the Scheme

  5. On or about October 9, 2018, in the District of New Jersey and elsewhere, the defendant,

JORGE NOVA,

knowingly and intentionally devised and intended to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and, for the purpose of executing and attempting to execute such scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, the following writings, signs,

4

signals, pictures, and sounds, namely, an interstate wire transfer of approximately $560.00 from Bank-1 Account from a location in New Jersey, which was transmitted using Bank-1's servers located in Wisconsin and Arizona.

    In violation of Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

6. Upon conviction of the offense charged in this Indictment, the defendant NOVA, shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), all property, real or personal, the defendant obtained that constitutes or is derived from proceeds traceable to the commission of such offense, and all property traceable to such property, including, but not limited to, a sum of money equal to $105,628.43, representing the proceeds of the offense charged in this Indictment, and all property traceable to such property.

## SUBSTITUTE ASSET PROVISIONS

7. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

A TRUE BILL

FOREPERSON

*Philip R. Sellinger*
PHILIP R. SELLINGER
United States Attorney

CASE NUMBER: 23-___1043 (EP)___

# United States District Court
# District of New Jersey

**UNITED STATES OF AMERICA**

v.

**JORGE NOVA**

## INDICTMENT FOR

18 U.S.C. § 1343

**A True Bill,**

**Foreperson**

PHILIP R. SELLINGER
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

RACHELLE M. NAVARRO
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973-645-2721